# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV496 JCH |
| | ) | |
| FELICIA CURTIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court for 28 U.S.C. § 1915(e) review of the amended complaint. Upon review, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Felicia Curtis (Correctional Officer, St. Louis City Justice Center), Unknown Garrett (Librarian, SLCJC), Unknown Percy (Correctional Officer, SLCJC), J. Miller (Medical Director, SLCJC), Pat Schommer (Assistant Commissioner, SLCJC), Carl Gilmore (Deputy Superintendent, SLCJC), Penny Hubbard (Program Manager, SLCJC), Phil Robinson (Unit Manager, SLCJC), Terry Paine (Counselor, SLCJC), Dora Schriro (Commissioner, SLCJC), Reginald Moore (Unit Manager, SLCJC), Unknown Walls (Dentist, SLCJC), Lorenzo Chancellor (Grievance Officer, SLCJC), Jerome Fields (Ombudsman, SLCJC), Gene Stubblefield (Superintendent, SLCJC), and Ben Gennero (Lieutenant Supervisor, SLCJC).

At all times relevant to the complaint, plaintiff was a pretrial detainee at SLCJC. Plaintiff alleges that defendant Curtis wrongfully terminated him from his prison job. Plaintiff claims that after Curtis discharged him from his job, he asked her to tell him her first name so that he could name her in a lawsuit. Plaintiff says that she placed him in solitary confinement in retaliation for threatening a lawsuit. Plaintiff claims that Curtis further retaliated against him by destroying his personal property and legal documents.

Plaintiff claims that defendant Chancellor retaliated against him for having filed grievances against Curtis by threatening to put plaintiff in administrative segregation.

Plaintiff alleges that defendant Garret refused to allow him access to the law library because plaintiff refused to apologize to Curtis for having filed grievances against her.

Plaintiff says that defendant Percy allowed another inmate into his cell for the purpose of assaulting plaintiff. Plaintiff claims that Percy refused to allow plaintiff to receive medical attention after the assault.

Plaintiff maintains that he suffered from constant pain and bleeding from his mouth but that he did not receive adequate care from defendant Walls. Plaintiff claims

that Walls's supervisor, defendant Miller, refused to allow plaintiff to receive adequate medical care in retaliation for plaintiff's use of the grievance system.

## Previous Lawsuits

This is the third lawsuit plaintiff has brought against these defendants on these or similar claims. In his first lawsuit,[1] plaintiff brought claims against defendants for inadequate dental care, unlawful employment discrimination, and retaliation. On 28 U.S.C. § 1915(e) review, the Court dismissed the action as frivolous. Bell appealed, and the United States Court of Appeals for the Eighth Circuit affirmed the Court's holdings with respect to the dental and employment claims; however, the appellate court reversed the Court's holding as to plaintiff's retaliation claim against Chancellor. Subsequently, the Court held a jury trial and the jury returned its verdict in favor of Chancellor. Bell initially appealed the jury verdict, but ultimately abandoned his appeal.

In his second lawsuit,[2] plaintiff again brought claims against defendants for inadequate dental care, unlawful employment discrimination, and retaliation. On 28 U.S.C. § 1915(e) review, the Court dismissed the claims against defendant Chancellor as barred by res judicata, dismissed certain claims as barred by the statute of

---

[1] Bell v. St. Louis City Justice Center, 4:03CV810 JCH (E.D. Mo.).

[2] Bell v. Stubblefield, 4:06CV822 JCH (E.D. Mo.).

limitations, and dismissed plaintiff's claims against defendants Miller, Paine, Schommer, Fields, Walls,[3] and others not named in the instant complaint because plaintiff's claims were frivolous as to those defendants. The Court allowed three claims to go forward: a medical mistreatment claim against Unknown Dentist; a retaliation claim against Gennaro, Garrett, Curtis, and Percy; and a policy claim against Stubblefield. The Court later dismissed plaintiff's claims against Curtis, Percy, Garrett, and Unknown Dentist per Rule 4(m); the dismissal was without prejudice. The Court later granted Stubblefield's motion for summary judgment. Defendant Gennaro remains in the case, and the case is set for jury trial on June 2, 2008.

## Discussion

Plaintiff's claim against Curtis for retaliation survives initial review under 28 U.S.C. § 1915(e). Plaintiff's claim against Percy for allowing another inmate to assault him also survives initial review. Finally, plaintiff's medical mistreatment claims against Walls and Miller survive initial review. As a result, the Court will order these defendants to respond to the complaint.

---

[3]In the instant action, plaintiff appears to allege that Unknown Dentist and defendant Walls are the same person. In the previous case, plaintiff appeared to describe Unknown Dentist and Walls as two persons.

Plaintiff's claim against Chancellor is identical to the claim he brought in his previous suits and is, therefore, barred by the doctrine of res judicata. As a result, Chancellor will be dismissed from the complaint.

Plaintiff's claims against Stubblefield are also barred by res judicata as a result of the Court's previous entry of summary judgment in his favor. As a result, Stubblefield will be dismissed from the complaint.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff does not allege that he suffered an actual injury to a pending or contemplated case as a result of being barred from access to the law library. As a result, plaintiff's allegations against defendant Garrett fail to state a claim upon which relief can be granted, and Garrett will be dismissed from the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in §

1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Schommer, Gilmore, Hubbard, Robinson, Paine, Schriro, Moore, Fields, or Gennero were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Curtis, Percy, Walls, and Miller.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Curtis, Percy, Walls, and Miller shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Garrett, Schommer, Gilmore, Hubbard, Robinson, Paine, Schriro, Moore, Chancellor, Fields, Stubblefield, or Gennero because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 19th Day of March, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE